UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MOHAMMAD HORMOZ ZADEH,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al.,

Respondents.

Case No.:  26cv2756-LL-GC

**ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

[ECF No. 9]

Before the Court is Petitioner Mohammad Hormoz Zadeh's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 9 ("Pet."). Respondents filed a Return [ECF No. 19], and Petitioner filed a Traverse [ECF No. 20]. For the reasons set forth below, the Court **DENIES** the Petition.

**I.    BACKGROUND**

Petitioner is a citizen of Iran who came to the United States in 2017 on a student visa for graduate school. Pet. at 2; ECF No. 9-1, Declaration of Hormoz Zadeh ("Hormoz Zadeh Decl."), ¶ 2. In Iran, he had been "arrested, suspended from university, detained in solitary confinement, and threatened with death for publishing political opposition magazines." Pet. at 3. Petitioner timely applied for asylum. *Id.*

1

26cv2756-LL-GC

In fall 2023, Petitioner was arrested under 8 U.S.C. § 1226(a) and his asylum case was moved from the U.S. Citizenship and Immigration Services (USCIS) to an immigration judge in removal proceedings. *Id.* Petitioner was granted bond in November 2023, which the Department of Homeland Security (DHS) appealed. ECF No. 19 at 2. After the Board of Immigration Appeals (BIA) remanded "for further findings and analysis," an immigration judge denied bond in January 2025. *Id.* On February 25, 2025, he was detained at an ICE check-in appointment. Hormoz Zadeh Decl. ¶ 3.

On July 14, 2025, an immigration judge granted Petitioner asylum. Pet. at 3. However, Petitioner remained detained because DHS appealed. *Id.* at 4. On February 2, 2025, the BIA remanded for further factual findings and legal analysis, but "offer[ed] no opinion as to the ultimate outcome of these proceedings." *Id.* (alteration in original).

On March 4, 2026, an immigration judge held a bond redetermination hearing for Petitioner and denied bond. ECF No. 19 at 2–3. Petitioner appealed the bond denial, which is currently pending before the BIA. *Id.* at 3; ECF No. 19-2.

On March 24, 2026, following remand of the asylum decision, the immigration judge granted asylum for a second time. Pet. at 4. However, Petitioner remains detained because DHS appealed again. *Id.* at 5. When Petitioner's instant Amended Petition was filed, a briefing schedule had not yet been set for the second appeal. *Id.*

On May 19, 2026, Petitioner filed the instant Amended Petition. Pet.

## II.   LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

26cv2756-LL-GC

## III.   DISCUSSION

Petitioner alleges that his detention is no longer authorized under § 1226(a) because he was twice granted asylum, which demonstrates there is no significant likelihood of removal in the reasonably foreseeable future pursuant to *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008) and *Zadvydas v. Davis,* 533 U.S. 678 (2001). Pet. at 9.

Respondents contend that Petitioner has not exhausted his administrative remedies, and because he is properly detained under § 1226(a) pending completion of his removal proceedings. *Id.* at 1–2.

### A.   Exhaustion

Respondents argue that Petitioner has not exhausted administrative remedies because his appeal of his most recent bond denial is currently pending. ECF No. 19 at 3–4.

The Court finds that exhaustion is not required because the Petition does not concern the denial of bond. Petitioner seeks a writ of habeas corpus directing his release because he was granted asylum yet remains detained because Respondents are appealing the granting of asylum to the BIA.

The Court turns now to the merits of the Petition.

### B.   Merits

In *Prieto-Romero v. Clark*, the Ninth Circuit found that "without clear congressional direction to the contrary, we conclude that § 1226(a), like § 1231(a)(6), also does not authorize indefinite detention." *Prieto-Romero*, 534 F.3d at 1063. The appellate court stated, "Consistent with *Zadvydas,* we construe the Attorney General's detention authority under § 1226(a) as limited to the 'period reasonably necessary to bring about [an] alien's removal from the United States,' even if continued detention in any particular litigant's case would not pose a constitutional problem." *Id.* (quoting *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001)). However, a noncitizen's detention may be "reasonably foreseeable" even when there is some degree of uncertainty as to when his detention will conclude. *Id.* at 1064.

26cv2756-LL-GC

The Court does not find that Petitioner has shown that his detention is unauthorized under § 1226(a) because his removal is no longer reasonably foreseeable. Petitioner relies on *Nadarajah v. Gonzales*, 443 F.3d 1069 (9th Cir. 2006), to argue for his release. In *Nadarajah*, the Ninth Circuit found that a noncitizen's removal was likely impossible where the BIA had awarded asylum twice, "as well as protection under the Convention Against Torture, and yet his detention continued for over five years while the government appealed the outcome of these agency proceedings." *Prieto-Romero*, 534 F.3d at 1064 (internal quotation marks omitted) (quoting *Nadarajah*, 443 F.3d at 1071, 1081. Here, although the immigration judge has granted Petitioner asylum twice, the BIA has not yet ruled on the merits of the grant of asylum. In the first appeal, the BIA remanded for further factual findings and analysis and expressly disclaimed any opinion on the merits. The second appeal to the BIA is currently pending. Therefore, on the facts of this case, at this time, Petitioner's removal is not yet impossible because the BIA could reverse the immigration judge. Although Petitioner's detention has been lengthy, it is not indefinite. *See id.* at 1065.

**IV.  CONCLUSION**

For the reasons stated above, the Court **DENIES WITHOUT PREJUDICE** the Amended Petition. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**.

Dated:  July 13, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv2756-LL-GC